UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

**10 CV 3202**

------------------------------------------------------- x

IPC SYSTEMS, INC.,

                        Plaintiff,

                v.

TELECOM SERVICE CORPORATION and DENNIS
GLOKLER.

                     Defendants.

------------------------------------------------------- x

: CIVIL ACTION NO.:

: JURY TRIAL DEMANDED



## COMPLAINT

Plaintiff, IPC Systems, Inc. ("IPC"), for its complaint against defendants Telecom Service Corporation ("TSC") and Dennis Glokler ("Glokler") allege as follows:

### Nature of Action

1.      This is an action for infringement of plaintiff's copyrighted software systems in violation of the United States Copyright Act (17 U.S.C. §101, et seq.).

### The Parties

2.      Plaintiff IPC is a Delaware corporation with offices at Harborside Financial Center Plaza 10, 3 Second Street, 1500 Plaza 10, 15th Floor, Jersey City, New Jersey 07311.

3.      Upon information and belief, defendant TSC is a New York corporation with offices at 2 David Drive, North Salem, New York 10560.

4.      Upon information and belief, defendant Dennis Glokler ("Glokler") is a United States citizen residing at 2 David Drive, North Salem, New York 10560 and upon further information and belief is the owner and chief executive officer of defendant TSC.

5.      Upon information and belief, defendants TSC and Glokler are engaged in the promotion and sale of various products in the United States, including in this District, at TSC's business location and through TSC's website at www.telecomservicecorp.com, and upon further information and belief defendants have engaged in deliberate actions of copyright infringement, as alleged herein, in this district.

### Jurisdiction and Venue

6.      Jurisdiction of this Court is based on 28 U.S.C. §1338(a) and (b) (Acts of Congress pertaining to copyrights and related claims), 28 U.S.C. §1331 (Federal Question), and 28 U.S.C. § 1367 (Supplemental Jurisdiction), as well as the principles of pendent jurisdiction.

7.      Venue is proper in this district under 28 U.S.C. §1391(b) and (c).

### Business of Plaintiff

8.      Since 1973, plaintiff has been engaged in the development, sale, installation and maintenance of telephone systems designed for use by the financial industry.

### Plaintiff's IPC Trading Telephone Systems and Alliance MX Software

9.      In particular, plaintiff has long been engaged in the development, sale, installation and maintenance of highly specialized telephone systems designed for use by the financial trading community in conducting securities and commodities trading ("IPC Trading Systems").

10.     The IPC Trading System currently consists of three primary hardware elements called "turrets", "cabinets" and "system centers".  Each individual trader has a console, referred to as a turret, that allows the trader to manage, monitor and record

multiple telephone lines and to receive and manage trading information. All individual turrets are connected to centralized propriety voice processing equipment, called cabinets, that can be used to manage and route data and telephone signals to and from external telephone and data lines to each trader's customized turret and to store and monitor trading information. Configuration for all of the turrets and cabinets are managed and stored in the system center.

11.     Each IPC Trading System also incorporates a sophisticated software system specifically developed by plaintiff that is used to operate the trading system and to configure, modify and customize the trading system to suit the specialized needs of the user.

12.     Plaintiff has developed a number of different IPC Trading Systems over time that, as the systems evolved, have been marketed and sold under different system names including TradeNet MX, Alliance MX and IQMX. This action pertains to plaintiff's Alliance MX System and Alliance MX Software and possibly other IPC Trading Systems and IPC Software.

13.     Plaintiff has introduced upgrades of the Alliance MX Software on a periodic basis to upgrade, improve and expand the features of its IPC Trading Systems.

14.     In 2003, plaintiff created and introduced an upgrade of the Alliance MX Software that is referred to as "Alliance Phase 10 Version 10.01.04" ("Alliance MX Software Version 10.01.04").

15.     The latest upgrade of the Alliance MX Software is referred to as "Alliance Phase 16 Version 16.01" and was released in 2010 ("Current Alliance MX Software").

### Plaintiff's Copyright Rights in the Alliance MX Software

16.     Each version and new generation of the Alliance MX Software is an original work of authorship within the meaning of the United States Copyright Act for which copyright protection subsists.

17.     Plaintiff, as successor in interest to IPC Information Systems, Inc., is the exclusive owner of all copyright rights in each version of the Alliance MX Software, including the Alliance MX Software Version 10.01.04 and the Current Alliance MX Software.

18.     Plaintiff owns United States Copyright Registrations for several versions of the Alliance MX Software including United States Copyright Registration No. TX 5-839-236, as issued on November 18, 2003, for the Alliance MX Software Version 10.01.04. A copy of this registration is attached as Exhibit 1.

19.     The copyright registrations are valid and in full force and effect and are evidence of plaintiff's exclusive right to reproduce, make derivative works, distribute and sell Alliance MX Software, as provided in Section 106 of the United States Copyright Act (17 U.S.C. §106) and to import copies made of the Alliance MX Software outside of the United States pursuant to Section 602 of the Copyright Act (17 U.S.C. § 602).

20.     Plaintiff has used an appropriate copyright notice, in accordance with Section 401 of the Copyright Act (17 U.S.C. § 401) in connection with each new version of its Alliance MX Software since 2003. The notice can be seen on the turret display screen when the system is powered up. The notice can also be seen on the system center screen when it is powered up and before a user logs on. The notices used in connection

with the Alliance MX Software Version 10.01.04 appear substantially as shown in
Exhibit 2.

### Business of Defendants

21.    Upon information and belief, defendants are engaged, in part, in the
acquisition and sale of used IPC Trading Systems, in the secondary market, to securities
and commodity traders and in the provision of related services and maintenance for those
systems.

22.    Plaintiff has raised objections with defendants on a number of occasions in
the past about the improper use of IPC trademarks to promote defendants' business and
about defendants' unauthorized sale of IPC Trading Systems in violation of IPC's
copyright rights.

23.    For the reasons set forth below and upon information and belief,
defendants are aware of plaintiff's ownership of copyright rights and copyright
registrations for IPC Trading Systems including the Alliance MX Software Version
10.01.04.

24.    In the course of various communications between plaintiff and defendants,
defendants have claimed that they have not sold IPC Trading Systems containing IPC
Software, including IPC Alliance MX Systems containing plaintiff's Alliance MX
Software.

25.    However, upon information and belief, these representations were
deliberately and intentionally incorrect and misleading and, to the contrary, defendants
have sold IPC Trading Systems containing IPC Software and, in particular, defendants

have sold an IPC Alliance MX System containing plaintiff's Alliance MX Software Version 10.01.04 in deliberate and knowing violation of IPC's copyright rights.

## Defendants' Acts of Copyright Infringement

26.     Upon information and belief, defendants have engaged in deliberate and intentional acts constituting copyright infringement of plaintiff's Alliance MX Software including the acts described below, which were committed without the authorization or consent of plaintiff.

27.     Upon information and belief, defendants have sold or offered for sale copies of plaintiff's Alliance MX Software Version 10.01.04 and possibly other versions of copyrighted Alliance MX Software or other copyrighted software used in connection with IPC Trading Systems.

28.     Upon further information and belief, defendants are in receipt and possession of unauthorized Alliance MX Software, including the Alliance MX Software Version 10.01.04, and already have or intend to distribute and sell the Alliance MX Software in deliberate and intentional violation of IPC's copyright rights.

29.     Upon further information and belief, the Alliance MX Software that was sold or offered for sale by defendants is the subject of a United States Copyright Registration and, in particular, is believed to be the subject of United States Copyright Registration No. TX 5-839-236.

30.     Defendants have refused to acknowledge plaintiff's ownership rights in the Alliance MX Software, including the Alliance MX Software Version 10.01.04.

31.    Defendants have refused to comply with the requests of plaintiff to cease the sale and offering for sale of the Alliance MX Software Version 10.01.04.

32.    Defendants have refused to return copies, reproductions and/or derivative works incorporating the Alliance MX Software, including Alliance MX Software Version 10.01.04, to plaintiff.

33.    All of the aforesaid acts were committed without the prior knowledge of plaintiff and were done without the authorization or consent of plaintiff.

34.    Upon information and belief, all of the aforesaid acts were committed with knowledge of and in intentional violation of plaintiff's exclusive copyright rights in and copyright registration for the Alliance MX Software.

35.    Upon information and belief, the acts described above are sufficient cause for plaintiff to have reason to believe that defendants, and those acting on its behalf, are likely to have engaged in other acts of copyright infringement or other violations of plaintiff's intellectual property rights that will be uncovered through discovery in this action.

36.    Upon further information and belief, defendants will continue to commit such acts in violation of plaintiff's rights in the absence of injunctive relief.

37.    The aforesaid actions committed by defendants have caused, and, unless enjoined, will continue to cause plaintiff to suffer monetary damage and irreparable injury for which there is no adequate remedy at law.

## COUNT I:  COPYRIGHT INFRINGEMENT

38.    Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 37 as if fully set forth herein.

39.     The acts of defendants constitute copyright infringement in violation of Section 501 and other provisions of the United States Copyright Act.  (17 U.S.C. § 501)

40.     The acts of defendants constitute contributory copyright infringement in violation of Section 501 and other provisions of the United States Copyright Act.  (17 U.S.C. § 501)

## JURY DEMAND

41.     Plaintiff requests a trial by jury pursuant to Rule 38 of the Federal Rules of Civil Procedure for all issues so triable.

WHEREFORE, plaintiff prays for judgment as follows:

A.     That judgment be entered in its favor on the cause of action set forth herein including finding defendants to have intentionally and deliberately infringed and violated plaintiff's exclusive copyright rights in the Alliance MX Software in violation of the United States Copyright Act entitling plaintiff to full relief and remedies as allowed by law.

B.     Awarding to plaintiff full and complete monetary relief as provided in the United States Copyright Act and other applicable laws, including but not limited to all damages suffered by plaintiff, all profits received by defendants and the right to elect to receive statutory damages to the full extent provided in Section 504(c) of United States Copyright Act, including because such infringement was willful in an amount equal to not more than one hundred and fifty thousand dollars ($150,000) per work, in lieu of or in addition to said monetary relief as well as all costs and expenses incurred in connection

- 8 -

with this lawsuit including attorneys' fees and such other damages, including increased damages and punitive damages, as are warranted under law.

C.    Entering an order of injunction enjoining defendant Glokler and defendant TSC, its officers, agents, servants, employees, attorneys, licensees and all those acting under its direction and/or pursuant to its control, from continuing to commit the acts complained of herein including acts of copyright infringement such as the reproduction, making derivative works, distribution, and sale of plaintiff's copyrighted works, including Alliance MX Software.

D.    Ordering defendant Glokler and defendant TSC, and its officers agents, servants, employees, attorneys, licensees and all those acting under their direction and pursuant to its control, to deliver up to plaintiff all unauthorized copies of plaintiff's copyrighted works and all derivative works based thereon.

E.    Ordering defendant Glokler and defendant TSC, and its officers agents, servants, employees, attorneys, licensees and all those acting under their direction and pursuant to its control, to recall and recover all unauthorized copies of plaintiff's copyrighted works and all derivative works based thereon that defendants have sold or distributed to any third party and to deliver such works up to plaintiff.

F.    Ordering defendants to inform any third party to which it has sold or distributed such unauthorized copies or derivative works of the entry of this Order and of the fact that it had no authority to commit such acts.

F.    For such other relief as the court may deem proper.

Respectfully submitted,

CROWELL & MORING, LLP

Dated: <u>April 15, 2010</u>

By: *Julie K. Smith*

Andrew M. Riddles
Dickerson M. Downing
Julia K. Smith
590 Madison Avenue
20th Floor
New York, NY 10022-2524
Phone:  (212) 223-4000
Fax:      (212) 223-4134
ariddles@crowell.com
ddowning@crowell.com
jksmith@crowell.com

Attorneys for Plaintiff
*IPC Systems, Inc.*